UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CRIMINAL ACTION NO. 5:95CR-00005-EHJ

UNITED STATES OF AMERICA

VS.

JOSEPH DEWAYNE OATES

**MEMORANDUM OPINION**

Before the Court is the motion of Joseph DeWayne Oates ("Movant") to adjust the manner of calculation of the sentence he is now serving. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that this request should be treated as a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241, and that this Court lacks subject matter jurisdiction concerning his request.

PROCEDURAL HISTORY

The indictment charged Movant with three counts of kidnaping and firearms offenses. The parties entered into a plea agreement in July of 1995. On October 18, 1995, in accordance with the plea agreement, this Court sentenced Movant to a total of 147 months in custody. Mr. Oates was at that time in state custody on charges arising from the same set of events. Although he was summoned to federal court for plea and sentencing proceedings, he remained in state custody, subject to a federal detainer that had been lodged in March of 1995. On October 26, 1995 (eight days after the federal judgment), Movant entered into an agreement in state court for a twelve year sentence that would be concurrent with the federal sentence. That state sentence was imposed in

December of 1995. Throughout this time, Mr. Oates remained in state custody.

In 2001, Mr. Oates was paroled by the Commonwealth of Kentucky, whereupon the federal authorities, acting on the detainer, executed the federal judgment and took custody of Mr. Oates. The Attorney General, through the Bureau of Prisons, has calculated his federal time as dating from the date of federal custody, i.e., 2001. In May of 2007, Mr. Oates filed this motion for "Nunc Pro Tunc Amendment and Judgment," contending that his federal sentence should be calculated as running concurrently with his state sentence.

## ISSUES AND ANALYSIS

Movant received a twelve year sentence on his federal charges and a twelve year sentence on his state charges. He points to the state court agreement indicating that the state sentence was to run concurrently with the federal sentence, and contends he should be required to serve only twelve years total. However, when Movant entered into federal custody in 2001 and began his federal sentence, he had already served approximately half of his 12 year state sentence. Thus, he is scheduled now to serve a total of 18 years on all charges. He believes he should instead be looking at a total of 12 years on all charges.

Mr. Oates frames his request here as a motion to amend the federal court judgment to explicitly state that the sentence is to be concurrent with an anticipated but not yet imposed state sentence. As a practical matter, he is essentially asking this Court to retroactively require the Bureau of Prisons to credit his state time against his federal sentence, such that his federal time would begin in 1995 instead of in 2001 when the United States actually took physical custody. It is not this Court's habit to reach decisions on the basis of "technicalities" or niceties of titles; nonetheless, ascertaining the precise nature of the request presented can help the Court determine

who has the authority to address the request and under what circumstances.

The United States points out defendant is not trying to clarify something that was ambiguous, nor is he hoping to make explicit something that was implied. There is no indication at all that anyone, including Mr. Oates himself, ever mentioned the possibility of a federal judgment declaring an expectation that the federal sentence would run concurrently with an anticipated, but not yet imposed, state sentence. Neither the federal plea agreement nor the federal judgment states or even hints that the sentence is to be concurrent with an anticipated state sentence. Indeed, neither document refers to the state court proceedings in any way. Defendant did not file an appeal or a timely motion to correct sentence or a timely petition under 28 U.S.C. Sec. 2255.

There is nothing to suggest that the Bureau of Prisons has concealed from Mr. Oates the manner in which his sentence is to be calculated. Defendant states that he has been "disputing his sentence" for eleven years, presumably through some sort of correspondence that has not been provided to the Court and that can't be viewed as constituting an administrative complaint. In 1998, Mr. Oates sent a letter to the United States Attorney, complaining that the federal detainer was causing an increase in his state custody rating, barring him from privileges such as work release, certain jobs, or "trusty" status available to those with lower custody ratings. (Exh. 1 to DN 51). Mr. Oates said, "What I am asking of you is to give me equality, by disposing of the detainer and giving the state full custody over me or, by having the U.S. Marshals pick me up and take me to a federal institution." He pursued no motion or administrative proceeding either at that time (when he received no response from the United States Attorney), nor in 2001, when he entered into federal custody and his calculated release date was provided to him.

This absence of administrative proceedings bars this Court from considering defendant's

petition. The case of United States v. Singh, 2 Fed.Appx. 711, 2002 WL 31770391 (6th Cir. 2002)[1] reflects a factual situation virtually identical to that presented here: Defendant Singh (like defendant Oates) was arrested on both state and federal charges and was held in a state facility; the defendant was first sentenced in federal court, with no reference to the anticipated state court sentence; shortly thereafter, the defendant was sentence in state court, in a judgment that called for his sentence to run concurrently with his federal sentence; upon satisfaction of the state sentence and transfer to federal custody, defendant found that the Bureau of Prisons was not giving him federal sentence credit for his state time; and the defendant then filed a "nunc pro tunc" motion with the sentencing district court. The Sixth Circuit construed Singh's demand for sentencing credit as a petition under 28 U.S.C. Sec. 2241 because it requested relief from the execution of the federal sentence. The appellate court concluded that the district court lacked subject matter jurisdiction to consider the defendant's request:

> Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit. United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir. 1992). A district court may review the BOP's calculation, but may not compute sentencing credit in the first instance, for it is the Attorney General, not the court, who has the authority to calculate sentence credits for time served before sentencing. United States v. Wilson, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); McClain v. Bureau of Prisons, 9 F.3d 503, 504 (6th Cir. 1993).

Singh, supra, at p. 1.

It would appear that Mr. Oates must first pursue his request for relief with the warden of the facility in which he is housed. If unsuccessful at that level, he should proceed to the regional office. If he is again turned down, his final appeal would be to the BOP's Office of General Counsel. Only

---

[1] Although the opinion was not issued after January 1, 2007 (cf. Fed.R.App.Proc.32.1), the case is directly relevant to the case at bar and no published opinion is available on the point.

if he exhausts all of these avenues can a district court consider his claim. Furthermore, if defendant exhausts his administrative remedies without satisfaction and chooses to seek district court review, he should file his request for review in the district court with jurisdiction over his place of incarceration. <u>Wright v. United States Board of Parole</u>, 557 F.2d 74, 77 (6th Cir. 1977).

An order in conformity has this day entered.